1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH A. SMITH,

11           Plaintiff,                    No. CIV S-09-1345 GEB KJM P

12      vs.

13   U.C. DAVIS MEDICAL CENTER OF
     SACRAMENTO, et al.,

14

            Defendants.            ORDER

15   _____/

16           Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   seeking relief under 42 U.S.C. § 1983.  On July 27, 2009, the court recommended that this action

18   be dismissed for plaintiff's failure to file a completed application to proceed in forma pauperis.

19   Plaintiff has now submitted a complete application.  Therefore, the court's recommendation that

20   this action be dismissed will be vacated.

21           Plaintiff has submitted an application to proceed in forma pauperis that makes the

22   showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis

23   will be granted.  Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

24   U.S.C. § 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

25   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

26   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

1

1   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

2   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

4   1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

9   be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1), (2).

11        In order to avoid dismissal for failure to state a claim a complaint must contain

12  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

13  of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

14  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

15  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

16  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

17  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

18  draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

19  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

20  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

21  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

22  Rhodes, 416 U.S. 232, 236 (1974).

23        As it stands, plaintiff's complaint fails to state a claim upon which relief can be

24  granted, primarily because plaintiff fails to identify any party by name who violated his federal

25  rights.  Therefore, the complaint will be dismissed.  The court will, however, grant plaintiff leave

26  to file an amended complaint.

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

4   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

5   there is some affirmative link or connection between a defendant's actions and the claimed

6   deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

7   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

8   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

9   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

11   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

12   amended complaint be complete in itself without reference to any prior pleading.  This is

13   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

14   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

15   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

16   original complaint, each claim and the involvement of each defendant must be sufficiently

17   alleged.

18    In accordance with the above, IT IS HEREBY ORDERED that:

19    1.  The court's July 27, 2009 recommendation that this action be dismissed is

20   vacated.

21    2.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22    3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

23   The fee shall be collected and paid in accordance with this court's order to the Director of the

24   California Department of Corrections and Rehabilitation filed concurrently herewith.

25   /////

26   /////

3

4.  Plaintiff's complaint is dismissed.

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 20, 2010.

_____
U.S. MAGISTRATE JUDGE

1
smit1345.14(8.3.09)